UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

            Plaintiff-Appellee,

  -against-

SILFORD WARREN,

            Defendant-Appellant.
------------------------------------------------------------X

FILED
CLERK
08/03/2012
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

MEMORANDUM AND ORDER

11-CR-778
(Kuntz, J.)

**KUNTZ, United States District Judge**

On June 27, 2012, this Court issued an Order granting the Government's Motion to Revoke Bond as to Defendant Silford Warren ("Defendant"). Order granting Dkt. 20 Mot. to Revoke as to Silford Warren, June 27, 2012. This District Court revoked the bail of Defendant based upon the following findings of fact:

1. Defendant was born in St. Vincent, West Indies and was not a U.S. citizen at birth. Ex. A (Pre-Sentence Investigation Report, Mar. 30, 2012) ("PSR"), at 8, ¶ 32. Defendant and his family emigrated from St. Vincent to the United States in 1963. *Id.* at 9, ¶ 35. Defendant remained in the parental home until age 24 (1976). *Id.* At that time he moved to the Virgin Islands. *Id.* He returned to New York approximately one year later. *Id.* Based on these facts, the Court finds Defendant could seek to return to the nation of his birth.

2. Defendant failed initially to bring his U.S. passport to the plea hearing on December 9, 2011 as required by the conditions of release. Dkt. 8 (Order Setting Conditions or Release and Bond). As a result, this Court ordered Defendant, accompanied by U.S. Marshals, to return to his home and retrieve his U.S. passport. Only after Defendant

1

surrendered his U.S. passport did this Court enter the Plea Agreement and issue the Order Setting Conditions of Release as to Defendant.

3. Not a single one of Defendant's business associates in his firm has submitted a letter of support or appeared on Defendant's behalf at the sentencing. Indeed, Defendant did not notify his employees of his guilty plea until very shortly before his sentencing. Sentencing Tr. 13:18–25. This fact is consistent with Defendant's possible intent to flee.

4. Not a single one of Defendant's family members has submitted a letter of support or appeared on Defendant's behalf at the sentencing evidencing no knowledge of his guilty plea. In fact, Defendant himself stated to the Court during his sentencing hearing that he has not informed his mother of his guilty plea. Sentencing Tr. 32:5–11. This fact is consistent with Defendant's possible intent to flee.

5. Defendant violated his Plea Agreement not to appeal any sentence of incarceration less than 27 months. Therefore, the Court finds Defendant is unlikely to honor the conditions of his release. Defendant "agree[d] not to file an appeal or otherwise challenge" his conviction and sentence as long as he received "a term of imprisonment of 27 months or below." Plea Agreement, at 4. On December 9, 2011, Defendant pleaded guilty to one count of willful failure to pay over employment taxes, in violation of 26 U.S.C. § 7202. Dkt. 7 (Min. Entry for Plea Hr'g). This Court sentenced Defendant to 24 months imprisonment on June 12, 2012. Dkt. 13 (J. as to Silford Warren).

6. Defendant's $250,000 unsecured bond is insufficient in light of Defendant's breach of the Plea Agreement and his statements under oath that he agreed to the terms of the Plea Agreement. *See* Dkt. 7 (Min. Entry for Plea Hr'g).

7. The ability to self-surrender is a privilege afforded to cooperative defendants who do not pose a risk of flight or danger to the community. 18 U.S.C. § 3143(a).

8. Furthermore, the Court "shall order" detention in the absence of a finding by clear and convincing evidence that: (1) the defendant does not pose a risk of flight or a danger to others; (2) the "appeal is not for the purpose of delay;" and (3) the appeal presents a "substantial question of law or fact likely to result in" reversal, a new trial, or no imprisonment beyond time already served. 18 U.S.C. § 1843(b)(1). Not only does this Court find a dearth of evidence that Defendant does not pose a risk of flight or danger to others, but also that he affirmatively does pose a risk of flight as discussed *supra*.

9. Were Defendant permitted to breach his negotiated Plea Agreement, then appeal waivers would be rendered meaningless.

10. To date, Defendant has provided no evidence of modifying his active status as a Certified Public Accountant. *See* Sentencing Tr. 25:5–13; Dkt. 11 (Sentencing Mem. by Silford Warren, May 15, 2012), at 7.

**SO ORDERED**

Dated: Brooklyn, New York
August 3, 2012

S/ William F Kuntz, II

HON. WILLIAM F. KUNTZ, II
United States District Judge

3